1  Richard J. Annen, Esq. (State Bar No. 91956)
   Todd R. Gabriel, Esq. (State Bar No. 119750)
2  SPARBER ANNEN MORRIS & GABRIEL, APLC
   701 "B" Street, Suite 1400
3  San Diego, CA 92101-8164
   Telephone:    (619) 239-3600
4  Facsimile:    (619) 239-5601

5  Attorneys for plaintiff VALUESELLING ASSOCIATES, LLC

6

7

8
                        UNITED STATES DISTRICT COURT
9
                       SOUTHERN DISTRICT OF CALIFORNIA
10

11 VALUESELLING ASSOCIATES, LLC, a    )   Case No. 09 CV 1493 JM (AJB)
   California limited liability company; SALES )
12 VISION, LLC, a California limited liability )   VALUESELLING ASSOCIATES, LLC'S
   company,                          )   OPPOSITION TO DEFENDANTS'
13                                   )   MOTION TO STRIKE THE PORTIONS
                 Plaintiff,          )   OF THE UNOFFICIAL AND
14                                   )   INCOMPLETE ARBITRATION
        vs.                          )   HEARING TRANSCRIPTS
15                                   )
   KEVIN TEMPLE, an individual doing )   Judge:         Hon. Jeffrey T. Miller
16 business as ENTERPRISE SELLING    )   Dept:          16
   GROUP; and DOES 1 through 50, inclusive, )   Hearing Date:  May 23, 20101
17                                   )   Time:          10:00 a.m.
                 Defendants.         )
18 _____ )   U.S. Magistrate Judge: Anthony J. Battaglia

19

20

21

22

23

24

25

26

27

28

# Introduction

ValueSelling Associates, LLC (ValueSelling) arranged for a certified court reporter to record and transcribe the underlying arbitration hearing. As required by the caselaw set forth below, ValueSelling submitted the record, i.e. the transcript, to the Court as evidence in support of its Motion to Vacate, Modify, or Correct the Arbitration Award. Temple seeks to strike the transcript on the grounds that the transcript is unofficial, unverified and is hearsay.

Temple's motion is without support because it: (1) fails to cite any law that precludes an arbitration transcript from being offered as evidence in a motion to vacate; (2) overlooks law that requires the party seeking to vacate to introduce the transcript as evidence; (3) fails to show how the transcript is hearsay; and (4) improperly applies the Rules of Evidence to a motion to vacate an arbitration award. Moreover, Temple has been given adequate time to review the transcript and has to date, not disputed its accuracy, further warranting a denial of Temple's motion.

## 1. No legal grounds to strike the transcript.

The American Arbitration Association's Commercial Arbitration Rules, Rule 26 clearly contemplates that parties may stenographically record arbitration hearings and sets forth the following procedures to do so:

(1) amount of notice to give other parties of intent to record (3 days),

(2) who shall arrange for the stenographer (requesting party),

(3) who pays for the stenographer (requesting party or shared if more than one requesting party), and

(4) how to make available a shared-cost transcript or a transcript to be used by the arbitrator in the arbitration proceeding (provide to arbitrator and make available to other parties).

The full text of the rule is set forth below with emphasis added on the disputed provision:

R-26. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. **If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time,**

1

**and place determined by the arbitrator.**[1]

This rule does not go beyond providing these procedures to prescribe, as Temple contends, "how to make [an aribtration] record official."[2] A similar, but expanded, provision from the JAMS streamlined arbitration rules confirms that the intent of the bolded portion of Rule 26, cited by Temple, is to prescribe how to handle (1) a transcript requested by only one party, and how to handle (2) a shared-cost transcript; and not how to make that transcript "official":

> (k) (i) Any Party may arrange for a stenographic or other record to be made of the Hearing and shall inform the other Parties in advance of the Hearing. The requesting Party shall bear the cost of such stenographic record. If all other Parties agree to share the cost of the stenographic record, it shall be made available to the Arbitrator and may be used in the proceeding.
>
> (ii) If there is no agreement to share the cost of the stenographic record, it may not be provided to the Arbitrator and may not be used in the proceeding unless the Party arranging for the stenographic record either agrees to provide access to the stenographic record at no charge or on terms that are acceptable to the Parties and the reporting service.[3]

Under JAMS Rule 17(k), when one of the parties doesn't agree to share the cost of the stenographic record, which is what happened here, access and use of that transcript within the arbitration proceeding itself is limited unless all parties are given access to the transcript. The JAMS Rule 17(k), like Rule 26, does not dictate how that transcript can be used <u>after</u> the final arbitration award.

Regardless, whether the transcript is an "official transcript," or not, is a red herring and does not preclude ValueSelling from using it as evidence to support its motion to vacate. The United States Code does not provide a means to make an official record of an arbitration hearing, and Temple does not cite to a federal rule or statute that does. The Code only addresses, in United States Code Section

---

[1] American Arbitration Association's Commercial Arbitration Rules (AAA), Rule 26.

[2] Temple's Memorandum of Points and Authorities in Support of Defendant's Motion to Strike the ... Transcripts, p. 1, ln. 28.

[3] JAMS Streamlined Arbitration Rules and Procedures, Rule 17(k).

2

753, how to make an official transcript of a <u>court</u> proceeding.[4]  To the extent that Section 753 applies to the certified transcript of the underlying arbitration hearing, which was created in compliance with that section, the transcript should be deemed prima facie a correct statement of the testimony taken and proceedings had as provided therein.[5]  To the extent that Section 753 does not apply to the transcript, the arbitration transcript, official or not, can still be used as evidence of testimony taken and proceedings had without prima facie effect.[6]

### 2. There are no equitable grounds to strike the transcript.

Temple does not provide any evidence to suggest that the transcript is not accurate or that its use would be prejudicial.  ValueSelling arranged for a neutral, certified court reporter to record and transcribe the arbitration hearing.[7]  The parties and the arbitrator respected the role of the reporter to make an accurate record of the arbitration hearing.[8]  The court reporter timely transcribed the record after the hearing and attached her certificate declaring its accuracy thereto.[9]  Temple objected to the use of the court reporter because he didn't want to share the cost, not because he claimed the reporter was biased or was otherwise unable to make an accurate record.[10]

Furthermore, Temple has had sufficient time to review the transcript.  ValueSelling served its motion to vacate on Temple 28 days before the initial hearing date on May 6, 2011.  Upon request

---

[4] *See, e.g.*, 28 U.S.C.A. § 753(b).

[5] 28 U.S.C.A. § 753(b).

[6] *Ad Art, Inc. v. National Labor Relations Board*, 645 F.2d 669, 677 (9th Cir. 1980) The court reviewed the arbitration transcript to find substantial evidence that arbitrator did not clearly decide unfair labor practice issue.  This court was not asked to address whether the evidence was given prima facie effect.

[7] Richard J. Annen Declaration (RJA Decl.) ¶ 2.

[8] RJA Decl. ¶ 2.

[9] RJA Decl. ¶ 3.

[10] RJA Decl. ¶ 4.

of Temple's counsel, ValueSelling's counsel agreed to move the hearing date to May 26, 2011, giving Temple an extra 20 days to review the transcript.[11] To the extent the Court finds Temple needs more time to review the transcript, the relief should be to extend the motion date, not strike the transcript.

Finally, the entire transcript has been provided to Temple and the Court. Exhibit C to motion to vacacte consists of the entire transcript.[12]

### 3. No policy supports striking the transcript.

In federal court, a party cannot unilaterally preclude the making of an official record of a court hearing and thereby prevent appellate review of that court proceeding. Like an appellate court, the district court reviews the arbitration record to rule on the motion to vacate.[13] As such, a party should not be able to preclude or interfere with the Court's consideration of a certified, arbitration hearing transcript submitted in support of a motion to vacate simply by claiming the contemporaneous recording of the arbitration hearing is not "official" because both parties did not share the cost of the transcript.

### 4. The transcript is not hearsay.

The transcript is not being offered for the truth of the matter asserted. It is being offered to show that certain testimony was presented in arbitration[14] and the effect of that testimony on the arbitrator, i.e., whether there grounds to vacate.

In fact, in considering a motion to correct or vacate, the moving party is required to provide the

---

[11] RJA Decl. ¶ 5.

[12] RJA Decl. ¶ 6.

[13] *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1174 (9th Cir. 2010).

[14] *United States v. Whitman*, 771 F.2d 1348 (9th Cir. 1985).

4

transcript and the Court is obligated to review the transcript to rule on the motion.[15] Striking the transcript would run afoul of this general proposition and the purpose of creating a record—to preserve testimony for a reviewing court. And ValueSelling's transcript is similar to transcripts offered to other reviewing courts, such as appellate courts, recorded in compliance with the Court Reporter's Act.

Moreover, in general motion practice, courts rarely consider live testimony and may hear a motion based entirely on affidavits.[16] The affiant, or declarant, need only lay foundation for documentary evidence that would be admissible at trial. Here, the permissible use of evidence is even greater. An arbitrator is not bound by the Federal Rules of Evidence when deciding to admit or exclude evidence in arbitration.[17] When reviewing an arbitration award under a motion to correct or vacate, the Ninth Circuit Court of Appeals is mindful not to apply the federal court's procedures or evidentiary requirements on the arbitration proceeding.[18] Here, the arbitrator already weighed the prejudicial effect of the admitted evidence in the underlying matter. Respondent had the opportunity to cross-examine petitioner's witnesses and respondent's own testimony is admissible as a party admission. There is no reason to extend hearsay rules to exclude the transcript of the arbitration.

Finally, *Rabe v. City of Bemidji*,[19] from the District of Minnesota, cited by Temple to support his claim that the arbitration transcript is hearsay is not binding and is factually distinguishable. In that case, the court struck a transcript of a school board hearing, not a transcript of an FAA arbitration. The transcript was offered to support a motion for summary judgment, not a motion to vacate an arbitration award, which is not governed by the Federal Rules of Evidence.[20] A certified court

---

[15] *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992).

[16] Federal Rules of Civil Procedure, Rule 43(c).

[17] AAA Rule 31.

[18] *U.S. Life Ins. Co., supra,* 591 F.3d at 1174.

[19] *Rabe v. City of Bemidji*, 2004 WL 741758 at *8-*9 (D. Minn. March 17, 2004).

[20] *Id.*

reporter presumably did not create the *Rabe* transcript and attest to its accuracy. The transcript was not admitted in its entirety.[21] The testimony was not presented before an arbitrator controlling the admission and exclusion of evidence.[22] The testimony was not made under oath.[23] There was no opportunity to cross-examine the witnesses.[24] And, finally, the court held that the testimony was offered for the truth of the matter asserted whereas here it is offered to show the statements were made and to determine if there are grounds to vacate.[25]

## Conclusion

For the foregoing reasons, ValueSelling requests the Court deny Temple's motion to strike and admit the transcript as evidence in support of its Motion to Vacate, Modify, or Correct the Award.

SPARBER ANNEN MORRIS & GABRIEL, APLC

Dated: May 9, 2011

By: s/Richard J. Annen
Richard J. Annen, Esq.
Todd R. Gabriel, Esq.
Attorneys for plaintiff
VALUESELLING ASSOCIATES, LLC

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*